# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAMERON MCCARY, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-1570 |
| | : | |
| F.N.U. KNARR, *et al.*, | : | |
|     Defendants. | : | |

## ORDER

AND NOW, this 17th day of July, 2026, upon consideration of Plaintiff Cameron McCary's's Motion to Proceed *In Forma Pauperis* (ECF No. 23) and *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Complaint is **DEEMED** filed.

3. For the reasons stated in the Court's Memorandum, the following claims are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii): claims against Montgomery County, claims based on the inadequacy of the SCI Phoenix grievance system, federal claims based on loss of personal property, First Amendment retaliation claims based on McCary's refusal to provide information in connection with a drug investigation, First Amendment retaliation claim against John Doe I, Fourteenth Amendment due process claims based on placement on a Restricted Housing Unit ("RHU") and denial of participation in special programming and housing.

4. The Clerk of Court is **DIRECTED** to **TERMINATE** the following as Defendants: Montgomery County, Therapeutic Community Counselor Vereen, John Does 5 and 6.

5.      For the reasons stated in the Court Memorandum, the following claims are

**DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii): First Amendment retaliation claims against all Defendants except John Doe I,

supervisory liability claims against Terra, Wychunis, Holiday, and Anderson, all claims against

Pennycuick, and McCary's state law negligence claims against John Does 1 and 4.

6.      The Clerk of Court is **DIRECTED** to send McCary a blank copy of the Court's

standard form complaint for prisoners to use to file a complaint bearing the above civil action

number.

7.      McCary is given thirty (30) days to file an amended complaint in the event he can

allege additional facts to state plausible claims.  Any amended complaint shall identify all

defendants not previously terminated as such by the Court in the caption of the amended

complaint in addition to identifying them in the body of the amended complaint, shall state the

basis for McCary's claims against each defendant, and shall bear the title "Amended Complaint"

and the case number 25-1570.  If McCary files an amended complaint, his amended complaint

must be a complete document that includes all of the bases for McCary's claims, **including**

**claims that the Court has not yet dismissed if he seeks to proceed on those claims.  Claims**

**that are not included in the amended complaint will not be considered part of this case.**

When drafting his amended complaint, McCary should be mindful of the Court's reasons for

dismissing his claims as explained in the Court's Memorandum.  Upon the filing of an amended

complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8.       If McCary does not file an amended complaint the Court will direct service of his

initial Complaint on Defendants John Doe I, Wychunis, Holiday, Anderson, and John Does 2 and

3 only.  McCary may also notify the Court that he seeks to proceed on these claims rather than

file an amended complaint.  If he files such a notice, McCary is reminded to include the case number for this case, 25-1570.

9.     The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

**BY THE COURT:**

*/s/ John Milton Younge*
**JOHN M. YOUNGE, J.**